UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | No. 2:19-CR-095 |
| ) | |
| COURTNEY JEAN SNEED ) | |

## **MEMORANDUM AND ORDER**

The defendant has pled guilty to knowingly and intentionally harboring a fugitive, in violation of 18 U.S.C. § 1071. At this time, sentencing is scheduled for September 8, 2020.

The United States Probation Office has prepared and disclosed its Presentence Investigation Report ("PSR"). [Doc. 38].[1] The defendant objects to the PSR's calculation of her base offense level. [Doc. 41]. The United States has filed a notice of no objections, and the probation office has issued its PSR Addendum. [Docs. 40, 42].

The Court finds that no evidentiary hearing is needed to resolve the defendant's objection. For the reasons that follow, that objection will be overruled.

### I. *Background*

In her plea agreement, the defendant acknowledges that she and codefendant Willie Tilson harbored Ray English, for whom there was an active federal arrest warrant. [Doc. 28]. The PSR in this case assigns a base offense level of 17 for that crime, pursuant to

---

[1] All docket references are to Case No. 2:19-CR-095 unless otherwise noted.

United States Sentencing Commission Guidelines Manual ("U.S.S.G.") § 2X3.1. [Doc. 38].

In 2013, the undersigned sentenced English to a 60-month term of imprisonment, to be followed by four years of supervised release, for conspiring to manufacture methamphetamine. [Case No. 2:12-CR-093, doc. 479]. In 2017, English violated his conditions of supervision. His supervised release was revoked and the Court imposed an additional term of 14 months' imprisonment, to be followed by two years of supervision. [*Id.*, doc. 680].

In 2019, the probation office again petitioned the Court to revoke English's supervised release, and an arrest warrant was issued. [*Id.*, doc. 727]. English was arrested and subsequently released on bond. [*Id.*, doc. 748]. He then violated his bond conditions, and another arrest warrant was issued. [*Id.*, doc. 754]. English was arrested on May 8, 2019. [*Id.*, 758]. His supervised release was again revoked, and he was sentenced to 22 months' imprisonment with no further supervision to follow. [*Id.*, doc. 759]. In sum, English has been sentenced by this Court to a total of 96 months' imprisonment for his offense of conviction in Case No. 2:12-CR-093.

English's May 8 arrest occurred at Tilson's and the defendant's residence. [Doc. 28]. When found hiding in the basement, English advised officers that "he had been at the residence for several days and that he asked Tilson and Sneed not to tell law enforcement that he was inside." [*Id.*]. The defendant "admits [that] she harbored/concealed English so as to prevent his discovery and arrest, after being advised of the arrest warrant and the consequences for lying." [*Id.*].

II. *Analysis*

As noted, the PSR in this case assigns a base offense level of 17, applying the cross-reference provisions of U.S.S.G. § 2X3.1. That guideline covers accessory after the fact offenses, including harboring of a fugitive. U.S.S.G. § 2X3.1(a)(3)(B). The base offense level under § 2X3.1 is generally "6 levels lower than the offense level for the underlying offense[.]" *Id.* § 2X3.1(a)(1). "'[U]nderlying offense' means the offense as to which the defendant is convicted of being an accessory[.]" *Id.* cmt. n.1.

The base offense level in this case was calculated by the probation office using English's original *total* offense level of 23 and then subtracting six levels pursuant to § 2X3.1(a)(1). The defendant objects that the probation office's method is incorrect. She argues that her base offense level should instead be derived from the offense level corresponding to English's 2019 probation violation rather than from English's original methamphetamine conviction. In the alternative, the defendant argues that English's original offense level (as now applied in part to her) should be reduced by two pursuant to guideline amendments 782 and 788. The defendant also suggests that her sentence will be overly harsh compared to that received by English.

In setting the instant defendant's offense level, the probation office correctly looked to English's original methamphetamine conviction rather than to his later conduct (the supervised release violations). *See generally, e.g., United States v. McFall*, No. 3:12-CR-124-2, 2013 WL 4500440, at *2 (E.D. Tenn. Aug. 21, 2013); *see also United States v. Jimenez*, 282 F.3d 597, 601 (8th Cir 2002) (Guideline 2X3.1 "contemplate[s] that the defendant is to be sentenced based on the gravity of the underlying crime[.]"). To do

3

otherwise makes no sense. The defense offers no method by which *her* offense level would be calculated based solely on English's supervised release violation conduct, and rightly so. Guideline 2X3.1 sets "base offense levels." Conversely, supervised release violations do not have "base offense levels"—they have "grades of violation." U.S.S.G. § 7B1.4(a). It would be impossible for the Court to look to the "offense level" for English's supervised release misconduct because there is not one.

The merits of the defendant's alternative argument—that English's original offense level should be reduced by two as applied to her— under guideline amendments 782 and 788 need not be addressed. In the PSR Addendum, the probation office acknowledges that the defendant has benefitted from a favorable miscalculation of her offense level in this case. The instant PSR sets a base offense level of 17 which is based on English's *total* offense level of 23. However, the instant defendant's base offense level should in fact be 20, which is six levels lower than English's *base* offense level of 26. *See* U.S.S.G. § 2X3.1 cmt. n.1 ("Apply the *base* offense level [of the person who was aided or harbored] . . . .") (emphasis added). Therefore, the defendant's total offense level in this case (with full acceptance of responsibility) should be 17 rather than 14.

The probation office nonetheless recommends that the Court apply the lower (and incorrect) total offense level of 14 under the "rule of lenity." [Doc. 42]. In light of the probation office's position and the absence of objection by the United States, the Court presently concurs and at this point intends to apply a total offense level of 14 at sentencing.

Under the defendant's proposed alternate approach, her total offense level and guideline range would be higher. Again, the defendant's base offense level should be 20.

4

If her alternate objection theory were correct (an issue upon which this order takes no position), the offense level would be reduced by two down to 18. Further subtracting three levels for full acceptance of responsibility, her total offense level would be 15 (which is higher than the current total offense level of 14). Because the Court presently intends to use the lower total offense level, the defendant's Amendment 782 argument is not one that will impact sentencing and is thus moot. *See* Fed. R. Crim. P. 32(i)(3)(B) (district court need not rule on an objection that will not affect sentencing).

Lastly, to the extent that the defendant suggests she is being punished more harshly than the fugitive she harbored, the Court again notes that English has received 96 months' imprisonment for his methamphetamine offense. The instant defendant's advisory guideline range is only 18 to 24 months. She is not being punished more severely than Ray English.

### III. *Conclusion*

For the reasons provided herein, the defendant's PSR objection [doc. 41] is **OVERRULED**. For now, sentencing remains set for Tuesday, September 8, 2020, at 10:00 a.m. in Greeneville.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

5